UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. CR-2-1-154(3) |
| v. | : | JUDGE SARGUS |
| | : | |
| SANTIAGO MANUEL AZPEITIA, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S AMENDED SENTENCING MEMORANDUM**

**I.    Introduction**

Mr. Azpeitia pleaded guilty to conspiracy with the intent to distribute more than one kilogram of heroin.  Mr. Azpeitia respectfully requests the Court impose a sentence that, for the reasons set forth below, is "sufficient but not greater than necessary" to achieve the purposes of sentencing.  18 U.S.C. § 3553(a).

**II.    Relevant 18 U.S.C. § 3553(a) Factors**

**§ 3553(a)(1)    The nature and circumstances of the offense and the history and characteristics of the defendant.**

Santiago ~~Jesus~~ Azpeitia is 22-years old. He was born in Los Angeles, California. He grew up in Mexico and was raised by his father and his grandmother. While not offered as an excuse but by way of explanation, Azpeitia became involved in selling drugs to obtain money to pay for family medical expenses. See, Final PSIR, ¶ 37 and attached letter from Maria De Jesus Azpeita Torres.[1]

---

[1] This memorandum was filed relatively late due to problems associated with the translation of the Maria De Jesus Azpeita Torres letter.

**§ 3553(a)(4)   The kinds of sentence and sentencing range established by the United States Sentencing Guidelines.**

The Sentencing Commission has proposed to reduce the Drug Quantity Table by 2 levels. See, Proposed Amendments to the Sentencing Guidelines, January 17, 2014, p. 32 available at: http://www.ussc.gov/Legal/Amendments/Reader-Friendly/20140114_RFP_Amendments.pdf Attorney General Holder has directed prosecutors to not object to requests for application of the proposed drug guidelines in current sentencings. See, March 13, 2014 Press Release available at: http://www.justice.gov/opa/pr/2014/March/14-ag-263.html   In light of these developments, it is suggested that the Court change the total adjusted offense level from 35 to 33 in this case. This adjustment would yield an advisory sentencing range of 135-168 months.

**§ 3553(a)(6)   The need to avoid unwarranted disparity.**

Mr. Azpeita's role was that he collected money, packaged heroin for resale and distributed heroin on behalf of the Torres brothers. Mr. Azpeitia recognizes § 3553(a)(6) deals with national disparities not to disparity between the defendant and a coconspirator. See, *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008). However, even apart from  § 3553(a)(6) , it is submitted that the Court may consider sentencing disparities between the defendant and his co-defendants in fashioning an appropriate sentence by looking at relative culpability. See, 18 U.S.C. § 3661. These are the dispositions of the co-defendants' cases to date:

| | |
|---|---|
| Alonso Torres | Awaiting sentencing |
| Luis Torres | Awaiting sentencing |
| Jose Esparza Castillo | 38-months |
| Primitivo Buenrosto | Awaiting sentencing |

| | |
|---|---|
| Victor Garcia | Awaiting sentencing |
| Francisco Fuentes Estrada | 30-months |
| Juan Perez Leon | 46-months |
| Juan Bermudez Delgado | 31-months |
| Johanna Diaz Lopez | 20-months |
| Ivon Turjillo Cervantes | 20-months |
| Jose L. Diaz | 63-months |
| Andy Diaz Lopez | 30-months |
| Janeth Arvizu Valderrama | 20-months |

The below-guideline sentences imposed on co-defendants suggest that a below-guideline sentence in Mr. Azpeitia' case is also warranted.

§ 3553(a)(2)(B)    The need to afford adequate deterrence.

Since 1971, the key idea behind the "war on drugs" approach is that the threat of arrest and harsh punishment would deter people from using drugs. In practice, this hypothesis has been disproved. Increased criminalization has not decreased use of illicit substances. *See,* Reinarman, *et al.*, *The Limited Relevance of Drug Policy: Cannabis in Amsterdam and in San Francisco,* American Journal of Public Health Vol. 94 pp.836–842 (2004); Degenhardt et al., *Toward a Global View of Alcohol, Tobacco, Cannabis, and Cocaine Use: Findings from the WHO World Mental Health Surveys. PLoS Medicine*, 2008.

In this case, it is submitted that a lower sentence will offer adequate deterrence. See, *United States v. Hughes*, 825 F. Supp. 866 (D. Minn. 1993) (court noting that "the non-rehabilitation purposes of incarceration -- retribution, deterrence and incapacitation -- would all

3

be more than adequately served by a far shorter sentence. Both society and the defendant will pay a dear cost for this sentence and receive very little in return."). Thus, the cost of incarceration is a relevant factor in assessing deterrence. Balancing the ineffectiveness of and ethical problems with general deterrence against the financial costs to society of imprisoning an individual ($28,948 per year), may lead the judge to conclude that general deterrence is not a good reason for a lengthy prison term. *See United States v. Cole*, slip op., 2008 WL 5204441 *6-7 (N. D. Ohio Dec. 11, 2008). Because, imprisonment costs are calculated at $2,412.33 per month (See, PSIR at ¶ 86), by sentencing Azpeitia to a lesser term, the Court would save the taxpayers imprisonment costs.

### III. Conclusion

Mr. Azpeitia understands that he must be punished. However, all of the factors listed in this memorandum above indicate that the suggested guideline range is greater than necessary to promote the purposes of sentencing. It is submitted that non-guideline, mandatory minimum sentencing is appropriate in Mr. Azpeitia's unique case. Mr. Azpetia requests the Court recommend to the Bureau of Prisons that he serve his sentence at Ashland FCI.

        Respectfully submitted,

        s/ Keith A. Yeazel

        _____
        Keith A. Yeazel   (0041274)
        905 South High Street
        Columbus, Ohio 43206
        (614) 885-2900
        yeazel@netwalk.com
        Attorney for Santiago Manuel Azpeitia

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon:

Michael Hunter
Assistant United States Attorney

using the Court's CM/ECF system this 28th day of May, 2014.

                                                   s/Keith A. Yeazel
                                                 _____
                                                 Keith A. Yeazel

March 21, 2014 Tep.

To Whom It May Concern:

Santiago Manuel Azpeita (el prieto) was raised by his little grandmother, Azuncion Torres Sanchez who lives at the ranch El Palmar next to San Antonio. His little grandmother depends on him because his little grandfather, the husband of the woman died. This is the reason why Santiago had to leave in order to find better luck because of all the debts and the poverty. This was the reason he felt obligated in leaving. This was the first time he left, and a few months after he left, his little grandmother Azuncion who is like his mother because she raised him, is very ill because she is an elderly woman who requires care and expensive medication, and she is very sad about the situation regarding her grandson. He is a good person and has never had any problems with anyone in Mexico.

Sincerely,

Maria de Jesus Azpeita Torres                                   Jaime Garcia

                                                                                    (Stamp)

                                                                                    H. XXXIX CONSTITUTIONAL COUNCIL
                                                                                    UNITED STATES MEXICANS

                                                                                    XALISCO, NAYARIT
                                                                                    2011 - 2014
                                                                                    EJIDO SAN ANTONIO

21 Marzo del 2014 Tep

A quien corresponda.

Santiago Manuel Azpeitia (El prieto) fue criado por su abuelita llamada Azunción Torres Sanchez vive en el rancho el palmar anexo a San antonio su abuelita depende de el por que su abuelito y esposo de la señora ya murio motivo por el cual Santiago tuvo que irse a buscar mejor suerte ya que por las deudas y la pobreza en que estan lo obligaron a irse, era la primera vez que el se iba tenia apenas unos meses de su partida su abuelita Azunción es como su mamá ya que ella lo crio y esta muy enferma ya que es una señora grande de edad que requiere cuidados y medicamentos caros y esta muy triste por la situación en la que se encuentra su nieto, el es una persona buena sin problema alguno aqui en Mexico.

Espero una respuesta favorable de su parte. Gracias.

Atentamente.
Ma. de Jesus Azpeitia Torres
Ma de Jesus A T

Jaime Garcia

H. XXXIX AYUNTAMIENTO CONSTITUCIONAL
ESTADOS UNIDOS MEXICANOS
XALISCO, NAYARIT.
2011-2014
JUEZ AUXILIAR
EJIDO SAN ANTONIO